## MILDRED ALLER, EXTRX. ET AL.
### (Estate of Samuel M. Aller)
*vs.*
## MARY ISABEL ALJOE ET AL.

Superior Court      Fairfield County      File No. 60704

MEMORANDUM FILED DECEMBER 19, 1940.

*Leslie Davis,* of Norwalk, for the Plaintiffs.

*Frederick W. Lovejoy, Jr.,* of South Norwalk, pro se as guardian ad litem.

*Leo Davis,* of Norwalk, for the Defendants.

WYNNE, J. It seems clear to the court that the testator intended nothing other than the not uncommon indication that his property was to go to his own flesh and blood. It is a

strained construction that he was creating technical estates and setting up trusts. Interpreting the will as a whole, it is only reasonable to conclude that paragraph six was the expression of his idea of future contingencies rather than an attempt, even a clumsy one, to place legal restrictions upon provisions made for his own daughters. He had in mind, undoubtedly, that informal notion that is so frequently expressed in what the law terms precatory words rather than any intent to tie up his estate in any way. The very words he made use of, "the part remaining", indicate as strongly as words can in their common connotation that he was thinking in terms of what he would like to have done in the future rather than of a present intention to create trusts. Crediting him with the latter intent, it is a simple conclusion, it seems to the court, that his mind would work in a different way than to set forth a completed purpose in paragraph four. It is reasonable only to conclude that paragraph six is a layman's notion of informal remote control rather than a continuing supervision of testamentary trusts with their uncertainties, vexations and expense. He did not retain control in the will he drew. To say he did would do violence to the fatherly instincts which seem so apparent in this simple instrument.

The court therefore holds that the said Mildred Aller and Mary Isabel Aljoe take absolute estates under paragraph four of the will under construction.